GUELICH v. CLARK.

*Legacy — when not lien on real estate*

R. made his will, whereby he devised his real estate to his wife, subject to the payment by her of certain legacies; but subsequently he entered into a contract of sale of his real estate to W., the deed to be executed on payment of the purchase-money. R. died, and W. having paid all the purchase-money, the widow executed the deed to W. *Held*, that the legacies were not a lien on the real estate.

SUBMISSION, without action, under section 372 of the Code, of a controversy between Otto E. C. Guelich and Benjamin A. Clark. The facts appear in the opinion.

*J. R. Swan, Jr.*, for plaintiff, argued that Roberts had simply a legal title to the premises, and upon payment of the purchase-money Williams was entitled to a deed. *McKechnie* v. *Sterling*, 48 Barb. 330; *Mott* v. *Coddington*, 1 Rob. 267; *Watson* v. *Le Row*, 6 Barb. 481; *Van Allen* v. *Humphrey*, 15 id. 555; *Sanders* v. *Aldrich*, 25 id. 63; *Lewis* v. *Smith*, 9 N. Y. 502; *Hawley* v. *James*, 5 Paige, 318, 456. The legacy is a charge upon the funds, and not upon the real estate sold. *Moyer* v. *Hinman*, 13 N. Y. 180.

*Peter Davis*, for defendant.

MULLIN, P. J. On the 5th of May, 1857, Humphrey D. Roberts of Utica, in the county of Oneida, was the owner in fee of about ten acres of land in the town of New Hartford, in said county. On the above-mentioned day, said Roberts made a last will, whereby he gave to his wife Eleanor, all his real estate, subject to the payment by her of certain legacies given by the testator to sundry relations, to be paid to them in one year after her marriage, should she marry again, but if not, then in one year after her death. The will was duly proved before the surrogate of Oneida.

In September, 1865, said testator entered into a contract in writing with one David Williams, wherein and whereby he agreed, in consideration of $8,000, to sell said ten acres of land to said Williams, and upon the payment of said sum to convey the same to Williams, by a warranty deed. Williams, after the execution and delivery of said contract, entered into possession of the premises.

Humphrey D. Roberts, the testator, died in May, 1866. Prior to the 2d day of July, 1866, Williams paid to testator and to his wife the said sum of $8,000, and on that day she conveyed to Williams said land by deed of warranty. In April, 1873, Williams conveyed said premises to Otto E. Guelich, in consideration of the sum of $20,000 paid therefor. Mrs. Roberts, the widow of the testator, is still living, and the legacies are unpaid.

In September, 1873, Guelich, for a valuable consideration, agreed to sell a portion of said ten acres to Benjamin A. Clark, and convey the same by warranty deed on payment of $25 at the making of the

Guelich v. Clark.

contract, and one-fifth of the purchase-money within thirty days, the balance to be secured by bond and mortgage, payable in five years, with interest payable semi-annually.

Clark is ready and willing to pay, provided he can obtain a title to said premises so contracted for by him, free from the lien of said legacies.

Guelich is ready and willing to convey the premises according to the terms of his contract, and insists that the legacies are not a lien or charge on the land. And the question submitted to us, for our decision, is whether the legacies are a lien or charge on the land. This question is answered by section 40 of the 3d R. S. (5th ed.) 145 (2 R. S. 66, § 45). That section provides that "a bond, agreement or covenant, made for a valuable consideration by a testator to convey any property devised or bequeathed in any will previously made, shall not be deemed a revocation of such previous devise or bequest, either at law or in equity, but such property shall pass by the devise or bequest subject to the same remedies on such bond, agreement or covenant, for a specific performance, or otherwise, against the devisees or legatees, as might be had by law against the heirs of the testator or his next of kin, if the same had descended to them."

If the will is not revoked and the land in question descended to the widow, subject to the same rights in the purchaser to enforce his contract that he would have had had the land descended to the heirs of the testator, his title, when acquired, must necessarily be free from the lien or charge of the legacies given by the will. The lien is transferred from the land to the purchase-money.

The rights of the purchaser and of the devisee to enforce the contract must be reciprocal. It would be monstrously unjust for the widow in this case to be allowed to compel Williams to pay for the land, and yet be permitted to convey it charged with the legacies.

We are of opinion that the land is not charged with the payment of the legacies, and that Clark is bound to perform his contract.

Let judgment be entered accordingly.

*Judgment accordingly.*